UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| VAIL-BALLOU PRESS, INC., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>GRAPHIC COMMUNICATIONS INTERNATIONAL )<br>UNION/INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS, LOCAL 898-M, )<br>)<br>Respondent. )<br>----------------------------------------------------------------- ) | **ANSWER TO PETITION TO VACATE AND COUNTERCLAIMS FOR JUDGMENT ENFORCING THE ARBITRATION AWARD AND FOR ATTORNEYS FEES**<br><br>Civil Action No. 06-CV-0643 |

Respondent, Graphic Communications International Union/International Brotherhood of Teamsters, Local 898-M ("Union"), by its attorneys, Blitman & King LLP, answers the Petition as follows:

1.  **ADMITS** such part of paragraph "1" that alleges arbitrator Dennis J. Campagna conducted an arbitration pursuant to the Collective Bargaining Agreement ("Agreement") between Vail-Ballou Press, Inc. ("Petitioner") and the Union, but **DENIES** the remaining allegations and affirmatively states that the Petition to Vacate was removed to Federal Court pursuant to 28 U.S.C. §1446.

2.  **ADMITS** such part of paragraph "2" that alleges a petition was brought to vacate the arbitrator's determination, but **DENIES** each and every other allegation contained in paragraph "2".

3.  **ADMITS** such part of paragraph "3" that alleges that Petitioner is a corporation, duly operating at a location in Kirkwood, Broome County, New York and that Respondent is a duly-authorized labor organization that represents employees employed by Petitioner, but **DENIES** each and every other allegation contained in paragraph "3" and affirmatively states that the facts pertinent to the

dispute that is the subject of the arbitration are contained in the decision of Arbitrator Dennis J. Campagna, whose factual findings are not reviewable by this Court.

4.  **ADMITS** such part of paragraph "4" that alleges there were six (6) Apprentice Perfector Pressmen including employees Hull, Stockholm, Van Kuren, Del Cano, Headley, and Risoli, but **DENIES** each and every other allegation contained in paragraph "4" and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the decision of Arbitrator Dennis J. Campagna, whose factual findings are not reviewable by this Court.

5.  **DENIES** each and every allegation contained in paragraph "5" and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the decision of Arbitrator Dennis J. Campagna, whose factual findings are not reviewable by this Court.

6.  **ADMITS** each and every allegation contained in paragraph "6" and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the decision of Arbitrator Dennis J. Campagna, whose factual findings are not reviewable by this Court, and respectfully refers the Court to the Arbitrator's decision in its entirety as the best evidence of its content and meaning.

7.  **DENIES** each and every allegation contained in paragraph "7" and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the decision of Arbitrator Dennis J. Campagna, whose factual findings are not reviewable by this Court.

8.  **ADMITS** that the Agreement includes the quoted language of Section 16.1, and respectfully refers the Court to the Agreement in its entirety as the best evidence of its content and meaning.

2

9. **ADMITS** that the Agreement includes the quoted language of Section 16.2, but **DENIES** the remaining allegations contained in paragraph "9", and respectfully refers the Court to the Agreement in its entirety as the best evidence of its content and meaning.

10. **ADMITS** such part of paragraph "10" that alleges the Arbitrator ruled the grievance was arbitrable, but **DENIES** each and every other allegation contained in paragraph "10" and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the decision of Arbitrator Dennis J. Campagna, whose factual findings are not reviewable by this Court, and respectfully refers the Court to the Decision and to the Agreement, in their entirety, as the best evidence of their content and meaning.

11. **ADMITS** such part of paragraph "11" that alleges the Arbitrator made a determination on the issue and **DENIES** each and every other allegation contained in paragraph "11" and affirmatively states that the facts pertinent to the dispute that is the subject of the arbitration are contained in the decision of Arbitrator Dennis J. Campagna, whose factual findings are not reviewable by this Court.

12. **DENIES** each and every allegation contained in paragraph "12".

13. **DENIES** each and every allegation contained in paragraph "13".

14. **DENIES** each and every allegation contained in paragraph "14".

15. **DENIES** each and every allegation contained in paragraph "15".

16. **DENIES** each and every allegation contained in paragraph "16".

17. **DENIES** each and every allegation contained in paragraph "17.

18. **DENIES** each and every allegation contained in paragraph "18".

19. **DENIES** each and every allegation contained in paragraph "19".

20. **DENIES** each and every allegation contained in paragraph "20".

21.   **DENIES** each and every allegation contained in paragraph "21".

22.   **DENIES** each and every allegation contained in paragraph "22".

23.   **DENIES** each and every allegation contained in paragraph "23".

24.   **DENIES** each and every allegation contained in paragraph "24".

25.   **DENIES** each and every allegation contained in the Petition not heretofore specifically admitted, denied, or otherwise controverted.

## FIRST AFFIRMATIVE DEFENSE

26.   The Petition fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

27.   The proceeding was not properly commenced within the applicable statute of limitations.

28.   The proceeding is barred by the applicable statute of limitations.

## FIRST COUNTERCLAIM

29.   This counterclaim seeks judgment confirming the award of Arbitrator Dennis J. Campagna dated February 14, 2006. A copy of the Arbitrator's decision and award is attached to the Petition as Exhibit "A".

30.   This Court has subject matter jurisdiction over this counterclaim pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §195.

31.   Effective April 19, 2003, the Union and the Petitioner entered into the Agreement, setting forth the terms and conditions of employment of a unit of employees whose collective bargaining representative is the Union. A copy of that Agreement is attached to the Petition as Exhibit "B".

32. The Agreement, at Article 16, provides a mandatory grievance and arbitration procedure governing the resolution of disputes under the Agreement. The Agreement specifically provides that an arbitration rendered pursuant to that procedure is "final and binding upon both parties."

33. On or about February 2, 2005, the Union filed a grievance alleging the Petitioner's method of paying six (6) Apprentice Perfector Pressmen violated the Agreement.

34. Pursuant to the Agreement, an arbitration hearing was held before Arbitrator Dennis J. Campagna on November 21, 2005 in Binghamton, New York. Both parties appeared at the hearing, were represented by counsel, and had the opportunity to present witnesses and evidence in support of their respective positions.

35. The parties agreed to submit for resolution by the Arbitrator Vail-Ballou's claim that the grievance was not arbitrable.

36. The parties also agreed to submit the following issue for resolution by the Arbitrator:

> If the matter is arbitrable, has the Company been properly paying Perfection Pressman Apprentices who became such before their 4th six months as Operators under the Collective Bargaining Agreement? If not, what shall the remedy be?

37. By award dated February 14, 2006 ("Award"), the Arbitrator determined that the dispute was arbitrable, and that the Petitioner violated the Agreement, the grievants were entitled to be paid pursuant to the apprentice scale, and they were entitled to the pay differential that existed between what each grievant-apprentice was actually paid and what they should have been paid.

38. The award of the Arbitrator is final and binding upon the Petitioner.

39. Upon information and belief, the Petitioner received the decision and award on February 24, 2006.

40.     The Petitioner has failed and refused and continues to fail and refuse to comply with the Arbitrator's decision and award.

## SECOND COUNTERCLAIM

41.     Respondent restates and realleges each and every allegation contained in paragraphs "29" through "40" as if fully set forth herein.

42.     The Petitioner's refusal to comply with the award is unjustifiable and baseless.

43.     In addition, the Petitioner's action to vacate the Arbitrator's award is frivolous and without legal or factual basis.

44.     As a result, the Union has incurred substantial attorneys fees in this action and will continue to incur attorneys fees in the future.

**WHEREFORE,** the Union demands judgment against the Petitioner granting the following relief: dismissing the Petition; enforcing the award of Arbitrator Dennis J. Campagna; ordering the Petitioner to comply with the award; granting attorneys fees and costs to the Union; and granting such other and further relief as the Court deems appropriate.

BLITMAN & KING LLP

Dated: June 2, 2006            By: _____
James R. LaVaute, of Counsel
Stephanie A. Miner
Attorneys for Respondent
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone: (315) 422-7111

jas\sam\Teamsters898\Vail-Ballou\Pleadings\Answer

6