UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VAIL-BALLOU PRESS, INC.,

                                    Petitioner,

              v.                                    3:06-CV-643

GRAPHIC COMMUNICATIONS
INTERNATIONAL UNION/INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, LOCAL
898-M,

                                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

OFFICE OF FRANK W. MILLER             FRANK W. MILLER, ESQ.
Attorneys for Petitioner              CHARLES E. SYMONS, ESQ.
6296 Fly Road
East Syracuse, New York 13057

BLITMAN & KING, L.L.P.                JAMES R. LaVAUTE, ESQ.
Attorneys for Respondent             STEPHANIE A. MINER, ESQ.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**I. BACKGROUND**

        Petitioner Vail-Ballou Press, Inc. ("petitioner" or "Vail-Ballou") brings this action

against respondent Graphic Communications International Union/International Brotherhood

of Teamsters, Local 898-M, ("respondent" or "the Union") seeking to vacate an arbitration

award.

Vail-Ballou is a New York corporation in the business of printing and binding books. The Union represents some of Vail-Ballou's employees.  Between 2003 and 2005, Vail-Ballou promoted six of its employees, all of whom were Union members, from Offset Press Perfector Operator ("operator") positions to Apprentice Perfector Pressman ("apprentice") positions despite the fact that they did not have the customarily required two years of experience as operators.  A dispute between the parties arose when Vail-Ballou continued to pay the six employees based on the operator pay scale instead of the apprentice pay scale. The collective bargaining agreement between the parties is silent as to the level of pay to which employees appointed to apprentice positions without first gaining two years of experience as operators are entitled.  The Union felt that the six employees should be paid on the apprentice scale because the collective bargaining agreement is silent on the issue. Conversely, Vail-Ballou felt that since the collective bargaining agreement is silent on the issue it was within its discretion to pay the six employees based on the operator pay scale..

The collective bargaining agreement contains an arbitration clause which provides that "[a]ll differences or disputes arising from and during the term of this Agreement, excluding all questions relating to wages and hours shall be settled and disposed of in accordance with the terms of this Agreement."  (Symons Decl. Ex. 1-B § 16.1.)  The arbitration clause further provides that parties to a dispute must first attempt to resolve the matter informally; if that is unsuccessful, they must then submit the dispute to a grievance committee; and if that is unsuccessful, they must then submit the dispute to the American Arbitration Association for a final and binding resolution.  Since the parties were unable to resolve the matter informally or through the grievance process, the Union filed a demand for arbitration with the American Arbitration Association.

Once the matter was submitted to the arbitrator, there were two major issues.  The first issue was whether the dispute was even arbitrable.  The second issue was the merits of the dispute – whether the six employees were entitled to apprentice pay despite not having the customarily required two years of experience as operators.  With respect to the arbitrability issue, Vail-Ballou took the position that the merits were related to wages and hours and thus, pursuant to the terms of the arbitration clause, were not arbitrable.  The Union made the argument, among others, that the arbitration clause is ambiguous and arbitration was required to clarify its meaning.

The arbitrator determined that the merits of the dispute were indeed arbitrable on the ground that the arbitration clause only precludes arbitrators from establishing wage rates or hours of employment where none existed before, and altering rates or hours that the parties themselves established through the bargaining process.  (See Symons Decl. Ex. 1-A 6-7.)  Therefore, the arbitrator reasoned, he was not precluded from determining whether the six employees were entitled to be paid as operators or apprentices because such a determination would not entail the establishment or alteration of wage rates.

With respect to the merits, Vail-Ballou, while maintaining that the issue was not arbitrable, argued that it was within its discretion to pay the six employees on the operator pay scale.  The Union argued that the six employees should be paid on the apprentice scale regardless of their experience as operators because the collective bargaining agreement did not expressly provide otherwise.  The arbitrator concluded that the plain language of Article 5 of the collective bargaining agreement, and the absence of any provision related to the payment of apprentices with less than two years of experience as operators in Article 7 or elsewhere, required that the six employees be paid on the apprentice pay scale.

Vail-Ballou filed a notice of petition in state court seeking vacatur of the arbitration award. The Union removed the action to federal district court pursuant to 28 U.S.C. § 1446(a) and § 301 of the Labor-Management Relations (Taft-Hartley) Act, 29 U.S.C. § 185.[1]

Petitioner moves for summary judgment vacating the arbitration award. Respondent opposes and cross-moves for summary judgment confirming the arbitration award. Petitioner opposes. Oral argument was heard on December 8, 2006, in Utica, New York. Decision was reserved.

## II. DISCUSSION

### A. Standard of Review

The standard of review that shall be applied by federal courts entertaining a request for vacatur of an arbitration award is set forth in the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Specifically, § 10(a) provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

---

[1] Section 185(a), provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C.A. § 185(a) (1998).
"[A]n industry affecting commerce" is defined as "any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce." 29 U.S.C.A. § 142.
Moreover, a federal district court has jurisdiction of a labor organization "(1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." 29 U.S.C.A. § 185(c).

(3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10(a) (Supp. 2006).  In addition, the Second Circuit has held that vacatur is permitted if an arbitrator demonstrates a "manifest disregard of the law."  Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002) (quoting DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir. 1997); Duferco Int'l Steel Trading v. T. Klaveness Shipping, 333 F.3d 383, 388-90 (2d Cir. 2003).[2]  Thus, the scope of review in such cases is exceptionally narrow.

However, "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"  AT & T Techs., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 648, 106 S. Ct. 1415, 1418 (1986) (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S. Ct. 1347, 1353 (1960)).  Therefore, § 10(a) applies only where the evidence shows that the parties agreed to submit a dispute to arbitration.  Whether a party has so agreed is determined by applying ordinary state-law principles of contract formation.  See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924 (1995).  This holds true when determining whether a party agreed to arbitrate arbitrability itself.  Id.  However, in that case the evidence must also show that the party "'clearly and unmistakably'" agreed to submit arbitrability to arbitration.  Id. (quoting AT & T Techs., 475 U.S. at 649, 106 S. Ct. at

---

[2]  This has been referred to as "a doctrine of last resort" used only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply."  Duferco Int'l, 333 F.3d at 389.

1418).  Once parties agree to submit a dispute to arbitration, they are bound by the

arbitrator's decision and, as previously stated, will be entitled to vacatur only under very

limited circumstances.  See § 10(a); Goldman, 306 F.3d at 1216.  Thus, "a court must defer

to an arbitrator's arbitrability decision when the parties submitted that matter to arbitration."

First Options, 514 U.S. at 943, 115 S. Ct. at 1924.

### B. Analysis

The first and most important issue in this case is whether the parties clearly and

unmistakably agreed to submit the arbitrability issue to the arbitrator.  If that question is

answered in the affirmative, then, as will be discussed in further detail below, the parties

necessarily agreed to submit the merits of the dispute to arbitration.  In that case, the

arbitration award will be vacated only if warranted under the standard of review set forth in §

10(a).  However, if it is determined that the parties did not clearly and unmistakably agree to

submit the arbitrability issue to the arbitrator, the arbitration award will be vacated and the

arbitrability issue and merits of the dispute will be reviewed de novo.

### 1. Arbitrability Issue

Under New York law, where contract language is clear and unambiguous, the intent

of parties to a contract is ascertained from the plain and ordinary meaning of the language

used.  U.S. Fid. & Guar. Co. v. Annunziata, 67 N.Y.2d 229, 232 (1986); Tigue v. Commercial

Life Ins. Co., 219 A.D.2d 820, 821 (N.Y. App. Div. 4th Dep't 1995).

In this case, the arbitration clause in the collective bargaining agreement provides

that "[a]ll differences or disputes arising from and during the term of this Agreement,

excluding all questions relating to wages and hours" are arbitrable.  (Symons Decl. Ex. 1-B §

16.1 (emphasis added).)  Moreover, it provides that "[a]ny question not resolved by the

[grievance] committee and <u>which involves the interpretation or application of a provision of this Agreement</u> . . . shall be submitted . . . to the American Arbitration Association." <u>Id</u>. (emphasis added).  Such broad language, in the absence of any exclusionary provisions related to arbitrability, not only constitutes an agreement to arbitrate arbitrability under New York contract law, but also constitutes clear and unmistakable evidence of such an agreement.  <u>See</u> <u>PaineWebber Inc. v. Bybyk</u>, 81 F.3d 1193, 1199-1200 (2d Cir. 1996) (inferring clear and unmistakable intent to arbitrate arbitrability from a similarly broad arbitration clause).

In fact, Vail-Ballou agreed to submit the arbitrability question to the arbitrator in its own arbitration brief:

> We contend that we have properly preserved the issue of arbitrability of this specific dispute by raising this issue to the appointed arbitrator at the hearing.  <u>The arbitrator is, therefore, permitted to review the relevant contract language and decide whether, under that language, the arbitrator can exercise authority to decide the particular dispute</u>.  We submit that the arbitrator is clearly foreclosed from exercising authority or jurisdiction over the wage issue in this case and the arbitrator must dismiss the grievance. . . . <u>The arbitrator should rule first on the issue of arbitrability</u> and then later on the merits of the dispute, if that is necessary. . . . [T]he issue of <u>arbitrability can properly be addressed by the arbitrator</u>.

(LaVaute Decl. Ex. 1 3-4, 5, 9 (emphasis added).)  That petitioner asserted ad nauseam in the same brief that the merits were not arbitrable does not change the fact that it clearly agreed to submit the arbitrability question to the arbitrator.  Put another way, the argument that the merits were not arbitrable is different than the argument that the arbitrator could not decide whether the merits were not arbitrable.

Therefore, petitioner is bound by the arbitrator's decision that the dispute was indeed arbitrable unless vacatur is warranted under the limited circumstances set forth in §

10(a).  As there is no evidence of corruption, fraud, partiality, misconduct, misbehavior, abuse of authority, manifest disregard of the law, or any other such circumstance with respect to the arbitrator's arbitrability determination, that portion of the decision will be confirmed and petitioner is bound thereby.

>    2.  **Merits**

Turning to the question whether the six employees are entitled to apprentice pay despite not having the customarily required two years of experience as operators, when Vail-Ballou agreed to be bound by the arbitrator's arbitrability determination, it indirectly but necessarily agreed to be bound by the arbitrator's determination on the merits in the event that the arbitrator found the merits to be arbitrable.  The two issues – arbitrability and the merits – cannot be separated into independent disputes requiring independent acts of agreement by petitioner such that petitioner could agree to arbitrate the first but not the second.  To hold otherwise would be to allow petitioner to effectively disregard the arbitrator's arbitrability determination to which it agreed to be bound.

Petitioner can, however, challenge to the arbitrator's decision with respect to the merits; but again the stringent standard of review set forth in § 10(a) applies.  As there is no evidence of corruption, fraud, partiality, misconduct, misbehavior, abuse of authority, manifest disregard of the law, or any other such circumstance with respect to the arbitrator's determination on the merits, that portion of the decision will also be confirmed.

Assuming, for the sake of argument, that petitioner is entitled to have the merits of the dispute reviewed de novo, it would still lose.  As stated above, contract language that is clear and unambiguous is given its plain and ordinary meaning under New York law. Annunziata, 67 N.Y.2d at 232; Tigue, 219 A.D.2d at 821.  In this case, Article 7 of the

collective bargaining agreement provides that operators with approximately two years of experience who are chosen for apprentice positions, will proceed to apprentice pay over a three-month progression.  However, Article 7 is silent as to the level of pay to which operators without such experience who are chosen for apprentice positions are entitled. Article 5, on the other hand, clearly provides the wage rates for each position.  Thus, based upon the clear and unambiguous language in Articles 5 and 7 of the collective bargaining agreement, the six employees are entitled to be paid according to the apprentice pay scale set forth in Article 5.

### III. CONCLUSION

For the reasons discussed above, petitioner's motion for summary judgment vacating the arbitration award will be denied and respondent's motion for summary judgment confirming the arbitration award will be granted because petitioner agreed to arbitrate the entire dispute and it is not entitled to vacatur under 9 U.S.C. § 10(a).

Accordingly, it is

ORDERED that:

1.  Vail-Ballou Press, Inc.'s motion for summary judgment vacating the arbitration award in Vail-Ballou Press, Inc. and Graphic Communications International Union/International Brotherhood of Teamsters Local 898-M, AAA Case No. 15 300 00434 05VE, Feb. 14, 2006 (Campagna, Arb.), is DENIED;

2.  Graphic Communications International Union/International Brotherhood of Teamsters, Local 898-M's cross-motion for summary judgment confirming the arbitration award is GRANTED;

3.  The arbitration award is CONFIRMED;

4.  Vail-Ballou Press, Inc. is directed to immediately comply with the terms of the arbitration award; and

5.  The petition is DISMISSED.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  March 29, 2007
        Utica, New York.